FILED
2023 Jun-21  PM 03:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| TIFFANY HARRIS, on behalf of herself and others similarly situated, | : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : : | **COMPLAINT – CLASS ACTION** |
| v. | : : | |
| B. H. DIRECT RESPONSE, INC. and OUTSIDE THE BOX DESIGNS, LLC d/b/a AXAD CAPITAL | : : : | **JURY TRIAL DEMANDED** |
| Defendants. | : : | |

Plaintiff Tiffany Harris (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations

was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C*., 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      This case involves telemarketing done by Outside the Box Designs, LLC d/b/a AXAD Capital ("AXAD Capital") as part of their relationship with B.H. Direct Response, Inc. ("B.H. Direct") and AXAD Capital's use of telemarketing despite not having the requisite consent to contact those individuals who, like the Plaintiff, were listed on the National Do Not Call Registry.

4.      Because telemarketing campaigns use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of proposed nationwide classes of other persons who received similar calls.

5.      A class action is the best means of obtaining redress for the Defendants' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6.      Plaintiff Tiffany Harris is an individual citizen in this District.

7.      Defendant Outside the Box Designs, LLC is a Delaware limited liability company.

8.      Defendant B. H. Direct Response, Inc. is a California corporation.

## JURISDICTION AND VENUE

9.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

10.      This Court has jurisdiction over AXAD Capital because it sent telemarketing calls into this District. Similarly, B. H. Direct Response, Inc. directed that conduct, including permitting and instructing AXAD Capital to make those calls into this District.

11.      Venue is proper pursuant to 28 U.S.C. § 1391 because the calls were sent into this District.

## TCPA BACKGROUND

12.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

13.     The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

14.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

17.     Defendants are a "person" as the term is defined by 47 U.S.C. § 153(39).

18.     At no point has the Plaintiff sought out or solicited information regarding Defendant's goods and services prior to receiving the telemarketing calls at issue.

Calls to Plaintiff

19.     Ms. Harris' telephone number, 205-XXX-9790, is a residential telephone line.

20.     It is not associated with a business and is used by Ms. Harris for personal purposes.

21.     The telephone number has been on the National Do Not Call Registry since January 26, 2022.

22.     Ms. Harris received two telemarketing calls from AXAD Capital as part of its relationship with B. H. Direct, both of them on June 22, 2022.

23.     Both calls came from a (205) area code.

24.     On the first call, the caller told her that he was calling about a potential window replacement.

25.     AXAD Capital was making calls for B. H. Direct as part of their lead generation relationship, which included generating customers for window replacements at residential homes.

26.     Ms. Harris indicated that she was not interested and hung up the phone.

27.     Despite that, the Defendant called Ms. Harris again later in the date.

28.     The caller spoke to "Mike" at "Champion Windows".

29.     "Mike" offered the Defendant's services and said that Champion Windows, if purchased by the Plaintiff, could result in a reduced energy bill.

30.     "Mike" provided a call back number of (888) 532-4869.

31.     Calling that number is a number for the Defendant.

32.     "Mike" made an appointment for Ms. Harris confirming that it was Champion Windows contacting her.

33.     Ms. Harris was not interested and cancelled the appointment.

34.     Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because their phone lines were tied up during the telemarketing calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

## **B. H. Direct's Liability for the Conduct of AXAD Capital**

35.      For twenty-five years the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

36.      On May 9, 2013, the FCC released a Declaratory Ruling holding that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers."[1]

37.      AXAD Capital was retained by B. H. Direct to generate telemarketing calls in order to acquire new leads, and did so, as they did with the Plaintiff.

38.      B. H. Direct authorized the telemarketing conduct of AXAD Capital.

39.      B. H. Direct was knowingly and actively accepting the business that originated through the illegal telemarketing calls from AXAD Capital through the generation of leads.

40.      B. H. Direct was getting paid by its customers for those leads generated through illegal telemarketing.

41.      B. H. Direct derived a benefit from AXAD Capital's interaction with the Plaintiff by the payment from a customer for the lead.

42.      Moreover, B. H. Direct maintained interim control over AXAD Capital's actions.

43.      For example, B. H. Direct had ability to prohibit AXAD from telemarketing to numbers on the National Do Not Call Registry.

---

[1]    *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd 6574, 6574 (¶ 1) (2013) ("May 2013 FCC Ruling").

44.     B. H. Direct failed to make such an instruction to AXAD Capital, and as a result, B. H. Direct is liable.

45.     B. H. Direct also gave interim instructions to AXAD Capital by providing the volume of calling and leads it would purchase.

46.     The May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *Id.* at 6592-593 (¶ 46).  Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 (¶ 46).

## Class Action Statement

47.     As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

48.     The class of persons Plaintiff proposes to represent is tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendants (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class".

49.     Excluded from the Class are counsel, the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

50.    The Class as defined above are identifiable through phone records and phone number databases.

51.    The potential members of the Class number at least in the thousands.

52.    Individual joinder of these persons is impracticable.

53.    The Plaintiff is a member of the Class.

54.    There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a)  Whether B. H. Direct is vicariously liable for the conduct of AXAD Capital;

(b)  whether Defendants systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

(c)  whether Defendants made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(d)  whether Defendants' conduct constitutes a violation of the TCPA;

(e)  whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

55.    Plaintiff's claims are typical of the claims of members of the Class.

56.    Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

57.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

58.    The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

59.    Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

60.    The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

61.    The Defendants' violations were negligent, willful, or knowing.

62.    As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

63.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.    Certification of the proposed Class;

B.    Appointment of Plaintiff as a representative of the Class;

C.    Appointment of the undersigned counsel as counsel for the Class;

D.    A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

F.    An award to Plaintiff and the Class of damages, as allowed by law; and

G.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: June 21, 2023

Respectfully submitted,

/s/   J. Matthew Stephens
J. Matthew Stephens (ASB-3788-e66s)
**METHVIN, TERRELL, YANCEY,**
**STEPHENS & MILLER, P.C.**
2201 Arlington Avenue South
Birmingham, AL  35205
Telephone:  (205) 939-0199
Facsimile:  (205) 939-0399
Email:        mstephens@mtattorneys.com

## **PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

B. H. Direct Response, Inc.
c/o Reg. Agent, Alan G. Hirsch
5850 W. 3rd Street #160
Los Angeles, CA  90036

Outside the Box Designs, LLC
c/o Incorp Services, Inc.
919 North Market Street, Suite 950
Wilmington, DE  19801